IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK05-42948 |
| | ) | |
| RANDALL W. GRAY, | ) | CH. 7 |
| | ) | |
| Debtor. | ) | |
| AUTOMOTIVE FINANCE CORPORATION, | ) | ADV. PROC. A05-4068-TLS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| RANDALL W. GRAY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter was presented to the Court on Plaintiff's Motion for Summary Judgment (Fil. #73), and Defendant's Objection thereto (Fil. #77). John L. Horan represents Plaintiff, and Defendant is proceeding pro se. The motion was taken under advisement as submitted without oral arguments. For the reasons discussed herein, Plaintiff's Motion for Summary Judgment is denied.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056).

Plaintiff has presented evidence sufficient to establish that Defendant breached his contractual obligations to Plaintiff. However, breach of a contractual obligation does not necessarily establish non-dischargeability under 11 U.S.C. § 523(a)(4) and § 523(a)(6). For instance, in order to except from discharge any debt for fraud or defalcation while acting in a fiduciary capacity under § 523(a)(4), the fiduciary capacity must arise from an express trust, not a constructive trust or a mere contractual relationship. *Barclays Am./Bus. Credit, Inc. v. Long (In re Long)*, 774 F.2d 875, 878-79 (8th Cir. 1985). Embezzlement under 11 U.S.C. § 523(a)(4) is the fraudulent appropriation of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come. *Belfry v. Cardozo (In re Belfry)*, 862 F.2d 661, 662 (8th Cir. 1988). Under 11 U.S.C. § 523(a)(6), a plaintiff must establish, by a preponderance of the evidence, that the debt arises from an injury that is both willful and malicious. In this context, the term "willful" means that the injury, not merely the act leading to the injury, must be deliberate or intentional; and a "malicious" injury is one that is targeted at the creditor, in the sense that the conduct is certain or almost certain to cause financial harm. *Jamrose v. D'Amato (In re D'Amato)*, 341 B.R. 1, 4-5 (B.A.P. 8th Cir. 2006).

Because genuine questions of material fact remain as to the nature of Defendant's conduct, his relationship with the creditor, and his intent, summary judgment is not proper.[1]

IT IS ORDERED that Plaintiff's Motion for Summary Judgment (Fil. #73) is denied.

DATED: August 2, 2007.

BY THE COURT:

 /s/ Thomas L. Saladino 
United States Bankruptcy Judge

Notice given by the Court to:
    Randall W. Gray
    *John L. Horan
    John A. Wolf
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.

---

[1] This Court is fully aware that it previously granted partial summary judgment with respect to the indebtedness owed as a result of eight insufficient fund checks issued by Defendant. However, that partial summary judgment was based upon collateral estoppel since Defendant had been criminally convicted under state law with respect to those checks and fraud was a necessary element of that conviction. There is no such criminal conviction with respect to the remaining indebtedness owed to Plaintiff.